UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID L. SANTISTEVAN,<br><br>                  Petitioner,<br><br>v.<br><br>JOHANNA SMITH, Warden,<br><br>                  Respondent. | Case No. 1:11-cv-00319-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus matter is Respondent's Motion for Partial Summary Dismissal. (Dkt. 16.) The parties have consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636(c). (Dkt. 14.) The Court finds that the parties have adequately stated the facts and legal arguments in their briefs and that the decisional process would not be significantly aided by oral argument. In the interests of avoiding further delay, the Court will decide this matter on the written motion, briefs, and record without oral argument. D. Idaho L. Civ. R. 7.1.

For the reasons set forth below, Respondent's Motion will be granted in part and denied in part. The Court finds that certain claims of ineffective assistance of counsel are procedurally defaulted, but before those claims are dismissed, Petitioner will have an opportunity to submit additional briefing to show cause and prejudice under *Martinez v.*

**MEMORANDUM DECISION AND ORDER - 1**

*Ryan*, 132 S.Ct. 1309 (2012).

## BACKGROUND

On April 13, 2004, the State charged Petitioner with two counts of attempted second degree murder, with a sentencing enhancement for the use of a firearm, based on an incident in which Petitioner shot two individuals in an alley behind a bar in Bellevue, Idaho. (State's Lodging A-1, pp. 65-66; A-2, pp. 217-28.) The case proceeded to a jury trial, and Petitioner was found guilty as charged. (State's Lodging A-2, pp. 285-87.) The trial court sentenced Petitioner to an aggregate prison term of 25 years, with the first 11 years fixed, and his motion to reduce his sentences under Idaho Criminal Rule 35 was denied. (State's Lodging A-2, pp. 300-05; State's Lodging C-1, p. 34.)

On direct appeal, Petitioner raised two issues: (1) whether his right to self-incrimination under the Fifth Amendment had been violated by a court-ordered psychological examination with the State's mental health expert before trial; and (2) whether his right to claim a psychotherapist/patient privilege had been violated. (Dkt. 5-2, p. 4.) The Idaho Court of Appeals concluded that these issues lacked merit, and it affirmed. (Dkt. 5-1, pp. 4-8.) Petitioner did not file a petition for review in the Idaho Supreme Court within the 21-day deadline, and his attempt to file a petition nearly two years late was denied. (State's Lodgings B-2 - B-8.) In a separate appeal, the Idaho Court of Appeals affirmed the denial of Petitioner's Rule 35 motion to reduce his sentences. (State's Lodging D-5.)

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner next submitted an application for post-conviction relief in state district court. (State's Lodging E-1, pp. 6-9.) The court appointed counsel, who filed an amended petition on Petitioner's behalf raising numerous claims, including claims of ineffective assistance of trial and appellate counsel. (State's Lodging E-1, pp. 21-24, 164-73.) The court eventually granted the State's motion to dismiss, and the petition was dismissed without an evidentiary hearing. (State's Lodging E-2, pp. 372-405.)

Petitioner represented himself on appeal from the district court's post-conviction order. Among other issues, he argued that the district court had erred in summarily dismissing his ineffective assistance of counsel claims, but the Idaho Court of Appeals concluded that "as to most of his claims[,] he points this Court to no evidence in particular that would have created a genuine issue of material fact precluding summary dismissal." (Dkt. 6, p. 3.) Because of this deficiency, the Court of Appeals did not reach the merits of "any of [Petitioner's] claims for which he has presented no more specific argument," finding those issues to be waived. (*Id*.) Instead, the Court of Appeals addressed only whether Petitioner's counsel was ineffective in (1) conceding the weapons enhancement charge during the criminal trial, (2) failing to file a petition for review during the direct appeal, and (3) failing to introduce a medical report and testimony at the trial. (Dkt. 6, pp. 5-7.) Finding no merit to these or any other issues, the Idaho Court of Appeals affirmed the district court. (*Id*. at 9.) Petitioner filed a petition for review in the Idaho Supreme Court, which was denied. (State's Lodgings F-3, F-4.)

**MEMORANDUM DECISION AND ORDER - 3**

With the assistance of retained counsel James K. Ball, Petitioner submitted a Petition for Writ of Habeas Corpus in this Court on July 14, 2011, which he amended on August 24, 2011. (Dkts. 1, 4-1, 25.) In his Amended Petition, Petitioner alleges that he was deprived of the effective assistance of counsel on numerous grounds (Claim A), that his Fifth Amendment rights were violated by the trial court's order that he submit to a psychological evaluation with the State's expert and that his own mental health expert prepare a report (Claim B), and that he was not afforded due process of law in the post-conviction matter because the trial court prohibited him from testifying (Claim C).[1] (Dkt. 25, pp. 8-15.)

Respondent has filed a Motion for Partial Summary Dismissal, in which she contends that Petitioner did not satisfy the exhaustion requirement as to all claims in the Amended Petition – except Subclaim A-1 and Claim B – and that those claims must now be dismissed as procedurally defaulted. (Dkt. 16.) Respondent also seeks dismissal of Subclaim A-8 and Claim C on the alternative ground that those claims are not cognizable in this federal habeas proceeding because they assert errors in the state post-conviction process. (*Id*.)

Petitioner has filed his Response (Dkt. 26), and the case is now ripe for review.

---

[1] To avoid confusion, the Court will use the same labels for the claims that the parties have used.

**MEMORANDUM DECISION AND ORDER - 4**

## STANDARD OF LAW

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to dismiss a petition for writ of habeas corpus summarily when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[2] A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id*. The Court shall take judicial notice of those portions of the state court record lodged by Respondent.

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *O'Sullivan v. Boerckel*, 526 U.S. at 845.

---

[2]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

**MEMORANDUM DECISION AND ORDER - 5**

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be "procedurally defaulted." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also procedurally defaulted when the petitioner actually raised the claim in state court, but the state court denied or dismissed the claim after invoking a state law ground that is independent of federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A federal court cannot reach the merits of a procedurally defaulted claim unless the petitioner can establish cause for his default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman*, 501 U.S. at 750.

## DISCUSSION

Initially, the Court agrees with Respondent that Petitioner's allegations of error in the state post-conviction process are not cognizable on federal habeas review. In Subclaim A-8, Petitioner asserts that his appointed counsel did "not allow him to testify at the hearing on his post-conviction matter, despite his request that he do so." (Dkt. 25, p. 14.) In Claim C, Petitioner contends that the trial court prohibited him from testifying at the post-conviction hearing. (*Id*. at 15.)

Petitioner's application for post-conviction relief was dismissed summarily, meaning that there was no evidentiary hearing at which testimony was taken. Whether

**MEMORANDUM DECISION AND ORDER - 6**

any error occurred because Petitioner was not given an opportunity to speak at the hearing on the State's motion to dismiss is a question that arises solely under state law, and federal habeas relief does not lie for errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In particular, "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).

In addition, there is no constitutional right to the effective assistance of counsel in a post-conviction proceeding that would give rise to a claim for relief on that basis. 28 U.S.C. § 2254(i); *Coleman v. Thompson*, 501 U.S. 722, 752-57 (1991). Although the United States Supreme Court has recently held that inadequate assistance of counsel in a state post-conviction action can be a reason to excuse the *procedural default* of ineffective assistance of trial counsel claims, the Court did not change its longstanding course and hold that there is a *constitutional right* to counsel in such a proceeding. *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012). As a result, a meritorious argument under that theory will, at most, allow the federal court to review otherwise procedurally barred claims rather than offer a habeas petitioner an independent basis for relief. The Court will address *Martinez* at the end of this Memorandum Decision.

For these reasons, Subclaim A-8 and Claim C will be dismissed as not stating claims on which relief may be granted in this habeas matter.

Respondent seeks dismissal of the remainder of the ineffective assistance of

counsel claims set out in Claim A in the Amended Petition as procedurally defaulted, except Subclaim A-1 (based on counsel's alleged "concession" of the weapons enhancement charge). (Dkt. 16-1, p. 6.) Respondent argues that Petitioner did not fairly present these claims to the Idaho Court of Appeals when he had an opportunity to do so during the post-conviction appeal. (*Id.*) According to Respondent, while Petitioner provided a conclusory list of several ineffective assistance of counsel issues in the Statement of Facts section of his opening brief on appeal, the only claim that he presented squarely to the Idaho Court of Appeals was an issue that corresponds to Subclaim A-1.

After reviewing the state court record, this Court agrees with Respondent insofar as Petitioner's passing reference in his Statement of Facts to his counsel's supposed deficiencies is not the type of "serious and meaningful" presentation of federal constitutional claims that gives the state appellate courts a full and fair opportunity to correct federal constitutional errors. *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Nor were the Idaho appellate courts required to comb through the trial court record to discern which constitutional claims Petitioner wished to appeal. *See, e.g., Baldwin v. Rees*, 541 U.S. 27, 31 (2004). Importantly, the Idaho Court of Appeals concluded that it would not consider the merits of any ineffective assistance of counsel claims for which Petitioner had offered no argument or authority in his brief, finding those claims to be waived under *State v. Zichko*, 923 P.2d 966, 970 (1996). (Dkt. 6, p. 3.) A "*Zichko* waiver" is an independent and adequate state procedural bar. *Zichko v. Idaho*, 247 F.3d 1015,

**MEMORANDUM DECISION AND ORDER - 8**

1021 (9th Cir. 2001).

This Court parts company with Respondent, however, as to the exhaustion status of two additional issues that the Idaho Court of Appeals concluded had been supported by argument and authority; that is, to the extent that Petitioner claims that his counsel was ineffective in not presenting a medical report and testimony at trial (here, Subclaim A-2) and in not filing a petition for review in the Idaho Supreme Court during the direct appeal (Subclaim A-5). The Idaho Court of Appeals did not apply a waiver bar to dispose of these two issues, *see* Dkt. 6, pp. 5-6, and if a state court overlooks a procedural deficiency to rule on a constitutional claim directly, the exhaustion requirement has been satisfied. *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011).

Accordingly, the Court concludes that Subclaims A-3, A-4, A-6, A-7, and A-9 are procedurally defaulted. These claims will be dismissed unless Petitioner can show cause and prejudice to excuse the default. To show cause, a habeas petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, the petitioner bears the burden of demonstrating that the errors "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

**MEMORANDUM DECISION AND ORDER - 9**

In an attempt to show cause, Petitioner contends that his appellate counsel's failure raise issues of a juror's bias, insufficiency of the evidence, and erroneous jury instructions on direct appeal, and his failure to file a petition for review in the Idaho Supreme Court, resulted in the forfeiture of those underlying trial claims in the state courts. (Dkt. 26, pp. 8-9.) The relevancy of this argument is not entirely clear to this Court. Aside from the Fifth Amendment claim (Claim B), which Respondent is not seeking to dismiss, the Court is unaware of any other substantive claims of trial error that Petitioner has raised in his Amended Petition. He has instead raised ineffective assistance of counsel claims, which in Idaho must generally be asserted in a post-conviction petition in the district court rather than on direct appeal. The default of those claims occurred not because of counsel's errors on appeal, but because Petitioner failed to present the claims properly during the post-conviction appeal. Moreover, a claim that counsel was constitutionally deficient in forfeiting claims in the state courts cannot save the default of the underlying issues unless the ineffective assistance claim has, itself, been properly exhausted in the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000). This particular ineffective assistance of appellate counsel claim is itself procedurally defaulted because it has never been fairly presented to the Idaho Supreme Court.

Petitioner also asserts that he is actually innocent of attempted second degree murder under the theory that he acted in self-defense. (Dkt. 26, pp. 13-14.) A compelling showing of actual innocence can satisfy the fundamental miscarriage of justice exception

**MEMORANDUM DECISION AND ORDER - 10**

to procedural default, allowing a court to review otherwise defaulted claims on their merits. *Schlup v. Delo*, 513 U.S. 298, 315, 324 (1995). To establish such a claim, a petitioner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. The petitioner bears the burden of demonstrating that "in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Id.* at 327; *see also House v. Bell*, 547 U.S. 518, 539 (2006). The standard is demanding and permits review only in the "'extraordinary'" case. *Schlup*, 513 U.S. at 327 (citation omitted).

Petitioner points to what he perceives to be the weaknesses in the evidence that was offered at the criminal trial and to his counsel's failure to offer medical evidence to show that he had been beaten at the bar near where the confrontation occurred some two months before the shooting in this case. (Dkt. 26, pp. 16-17.) The Court is not persuaded by this argument. A habeas proceeding is not a proper forum in which to re-litigate the case that has already been tried. "When confronted with a challenge based on trial evidence, courts presume the jury resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict." *House v. Bell*, 547 U.S. at 539. A persuasive claim of actual innocence must be based on new evidence that was not presented to the jury that is so compelling that the reviewing court must conclude that it is now probable

**MEMORANDUM DECISION AND ORDER - 11**

that no rational juror would vote to convict the defendant. *See id.* at 538-39. Petitioner does not have that type of evidence, and his reliance on a medical report that was created after an unrelated bar fight that occurred long before the shooting in this case, considered in light of the record as a whole, does not establish that it is more probable than not that any rational juror would now find that he acted in self-defense.

Finally, Petitioner contends that he was not given adequate assistance of counsel in the post-conviction proceeding, which the Supreme Court has held can be a valid cause to excuse a default of ineffective assistance of trial counsel claims under limited circumstances. *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). It is possible that this new rule could have some bearing on the procedural default issues here, but *Martinez* was decided after the parties had submitted their briefing. The Court would benefit from the parties' positions on the matter, and before it dismisses claims of ineffective assistance of counsel as being procedurally defaulted, it will give Petitioner leave to show cause and prejudice under *Martinez*, in accordance with the following scheduling order.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Partial Summary Dismissal (Dkt. 16) is conditionally GRANTED in part and DENIED in part.

2. Claims A-8 and C are DISMISSED as failing to state claims on which relief may be granted.

**MEMORANDUM DECISION AND ORDER - 12**

3.  Claims A-3, A-4, A-6, A-7, and A-9 are procedurally defaulted. The Court will **not** dismiss these claims until the parties have filed supplemental briefing.

4.  Claims A-1, A-2, A-5, and B will not be dismissed.

5.  No later than 45 days from the date of this Order, Petitioner may file a "Motion to Proceed With Procedurally Defaulted Claims," together with a supporting brief, addressing whether the *Martinez* cause and prejudice issue noted above is applicable to excuse the default of his defaulted claims of ineffective assistance of counsel. No later than 30 days after receiving a motion, Respondent shall file a response. Petitioner's reply, if any, shall be filed within 14 days of receiving a response.



DATED: **September 6, 2012**.

Honorable Larry M. Boyle
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 13**